The opinion of the Court was delivered by
O’Njeall, C. J.
In this case, it is contended, for various reasons, that the case should have gone to the jury. The most prominent of these are:
1. That the defendant is chargeable for the detention of the slaves. The answer to that is, that whatever he did was ' as attorney at law. His written notice to the keeper of the work-house is in that character, and was a mere warning to him to abstain from delivering to the plaintiff, who had placed the slaves in the work-house. If this be true, there is ■ no doubt that an attorney for an act done, bona fide, as a professional man, is not responsible. There is nothing to produce doubt about this fact. The plaintiff has corroborated the bona fides of the notice, by showing that a suit in reference to these slaves, and probably for their freedom, was afterwards in progress and finally tried. Looking to the notice, and the other facts proved, there was nothing to go to the jury. For it was plain the defendant acted as attorney.
2. It is supposed, however, that this was substantially an action of trover, and that the defendant was therefore liable on the notice not to deliver. The plaintiff’s attorney denies this, and insists that this is an action on the case. He is, it seems to me, perfectly right in disclaiming this as an action of trover. His record has in it no semblance to that. The plaintiff’s action of trover, if he had thought proper to bring *593 one, would have been against the keeper of the work-house. He had the possession; he had received it from the plaintiff; the defendant thereby gave him a notice not to deliver the possession to the plaintiff. This was neither possession of the slaves nor a conversion of them to his own use.
3. It is insisted that this is a special action on the case, and that, looked at in that point of view, the facts proved ought to have sent the ease to the jury. It seems to me that no cause of action is stated or proved. The defendant; an attorney at law, is sued for an act done as such; but which the plaintiff insists on ascribing to him in his individual capacity. He cannot do this of his own head. The only act which the defendant has done outside of the case, was his notice to the master of the work-house, in which he describes himself as attorney-at-law. Was this character improperly or falsely assumed. If it were, then, bn showing the facts, the defendant might be liable. There is no pretence of that. An attorney at law is not liable to such a_ suit as this. He must be shown to have assumed this character falsely, or unnecessarily.
'It might be, if his notice was false, and the scienter was brought home to him, he might be liable. I have no doubt the defendant is liable to no action, unless he has acted maliciously. To sustain such a case as the present, it must be alleged and proved that the case set on foot was without foundation, and that the defendant did what he did from malice. Then, and not till then, could this action be maintained.
4. It is supposed the defendant detained the property of another, and for that this action can be sustained. But he did no such thing. He, as an attorney at law, gave notice to the master of the work-house not to deliver. This cannot be looked at as a detainer, it was mere advice to the master of the work-house, and if he had wrongfully delivered up the slaves, it might have constituted against him a circumstance *594 of importance in some proceeding, which, might have been instituted against him.
There is nothing in the whole case which ought to have been submitted to a jury. It is a naked attempt to make an attorney at law liable for that which he did honestly .in vindication of his client’s rights. Such a suit maintained, would abolish every principle of protection which has hitherto surrounded and protected the profession of the law.
The motion is dismissed.
Johnstone, J., concurred.

Motion dismissed.